NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARIO K. BENNETT, | ) | No. C 05-3502 JF (PR) |
| Plaintiff, | ) ) | ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE |
| vs. | ) ) ) | |
| JEANNE WOODFORD, et al., | ) ) | |
| Defendants. | ) ) | (Docket Nos. 2, 9) |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Pelican Bay State Prison officials. Plaintiff has filed two motions for appointment of counsel. The Court will DENY Plaintiff's motions for appointment of counsel (docket nos. 2, 9) without prejudice. The Court will review Plaintiff's amended complaint, filed on February 13, 2006, in a separate written order.

**DISCUSSION**

Plaintiff has filed two motions for appointment of counsel. However, there is no constitutional right to counsel in a civil case. Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of

1 | counsel." <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 310 (1989).

2 |     The court may ask counsel to represent an indigent litigant under § 1915 only in
3 | "exceptional circumstances," the determination of which requires an evaluation of both
4 | (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate
5 | his claims <u>pro se</u> in light of the complexity of the legal issues involved. <u>See</u> <u>Rand v.
6 | Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997); <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017
7 | (9th Cir. 1991); <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of
8 | these factors must be viewed together before reaching a decision on a request for counsel
9 | under § 1915. <u>See id.</u> Neither the need for discovery, nor the fact that the <u>pro se</u> litigant
10 | would be better served with the assistance of counsel, necessarily qualify the issues
11 | involved as complex. <u>See</u> <u>Rand</u>, 113 F.3d at 1525 (where plaintiff's pursuit of discovery
12 | was comprehensive and focused and his papers were generally articulate and organized,
13 | district court did not abuse discretion in denying request for counsel). Because the Court
14 | has not reviewed the merits of Plaintiff's amended complaint, filed on February 13, 2006,
15 | the Court concludes that appointment of counsel is not necessary at this time.
16 | Accordingly, Plaintiff's motions for appointment of counsel (docket nos. 2, 9) are
17 | DENIED without prejudice.
18 |     IT IS SO ORDERED.
19 | DATED: 3/20/06
20 |                                         JEREMY FOGEL
                                        United States District Judge

1  This is to certify that on _____, a copy of this ruling was mailed to the following:
2
3  Mario K. Bennett
   V-23447
4  Pelican Bay State Prison
   P.O. Box 7500
5  Crescent City, CA  95531-7500

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Denying Plaintiff's Motions for Appointment of Counsel Without Prejudice
P:\pro-se\sj.jf\cr.05\Bennett502atty              3