\*\*Original filed 3/23/07\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO K. BENNETT,<br><br>        Plaintiff,<br><br>    vs.<br><br>JEANNE WOODFORD, et al.,<br><br>        Defendants. | No. C 05-3502 JF (PR)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL; DENYING MOTIONS TO ATTACH EVIDENCE; ORDER OF DISMISSAL WITH LEAVE TO AMEND<br><br>(Docket Nos. 15, 22, 30, 33, 37, 39) |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Pelican Bay State Prison ("PBSP") officials and the Director of the California Department of Corrections and Rehabilitation. Plaintiff filed an amended complaint, which contains supporting documentation of his prison administrative appeal, but no claims or allegations against Defendants. Therefore, the Court will review Plaintiff's claims in his original complaint. Plaintiff has filed three motions for appointment of counsel, two motions to attach evidence and a motion to attach legal mail. The Court will DENY Plaintiff's motions for appointment of counsel (docket nos. 15, 22, 39) without prejudice. The Court will DENY Plaintiff's motions to

attach evidence and legal mail (docket nos. 30, 33, 37) and dismiss the original complaint and the amended complaint with leave to amend. Plaintiff may include supporting documentation of any exhibits with his second amended complaint.

## BACKGROUND

Plaintiff alleges that PBSP employees searched his cell and asked him if he knew an individual named Karen Diane Figgins. They told Plaintiff not to write to Ms. Figgins, and he replied that he did not write to her. Defendants did not show Plaintiff any letters, or proof, that he had written to Ms. Figgins. Several days later, Plaintiff was told that he was being placed on mail monitoring status and that Defendant Lieutenant Wood would review Plaintiff's outgoing mail. Plaintiff alleges that his mail is delayed because he has not received any mail in three weeks and that his family has not received his outgoing mail. Plaintiff names the following Defendants in his complaint: PBSP Warden Kirkland, PBSP Captain Patten, PBSP Lieutenant Wood, PBSP Correctional Officer Haley, and Director of Corrections and Rehabilitation Jeanne Woodford. Plaintiff seeks the following relief: injunctive relief in firing the PBSP Defendants and money damages for pain and suffering in the amount of $5 million dollars.

## DISCUSSION

**A.     The Merits**

   1.     Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person

1 acting under the color of state law committed a violation of a right secured by the
2 Constitution or laws of the United States.  West v. Atkins, 487 U.S. 42, 48 (1988).
3       Liability may be imposed on an individual defendant under section 1983 if the
4 plaintiff can show that the defendant proximately caused the deprivation of a federally
5 protected right.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of
6 Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a
7 constitutional right within the meaning of section 1983 if he does an affirmative act,
8 participates in another's affirmative act or omits to perform an act which he is legally
9 required to do, that causes the deprivation of which the plaintiff complains.  See Leer, 844
10 F.2d at 633; Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).
11       2.   Plaintiff's Claim
12       Plaintiff alleges that Defendants have placed him on mail monitoring, without
13 justification, resulting in the delay of his outgoing and incoming mail.
14       Prisoners enjoy a First Amendment right to send and receive mail.  See Witherow
15 v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (citing Thornburgh v. Abbott, 490 U.S. 401, 407
16 (1989)).  A prison, however, may adopt regulations or practices which impinge on a
17 prisoner's First Amendment rights as long as the regulations are "reasonably related to
18 legitimate penological interests."  See Turner v. Safley, 482 U.S. 78, 89 (1987).  The
19 Turner standard applies to regulations and practices concerning all correspondence
20 between prisoners and to regulations concerning incoming mail received by prisoners
21 from non-prisoners.  See Thornburgh, 490 U.S. at 413.  In the case of outgoing
22 correspondence from prisoners to non-prisoners, however, an exception to the Turner
23 standard applies.  Because outgoing correspondence from prisoners does not, by its very
24 nature, pose a serious threat to internal prison order and security, there must be a closer fit
25 between any regulation or practice affecting such correspondence and the purpose it
26 purports to serve.  See id. at 411-12.  Censorship in such instances is justified only if
27 (1) the regulation or practice in question furthers one or more of the substantial
28

1  governmental interests of security, order and rehabilitation, and (2) the limitation on First
2  Amendment freedoms is no greater than necessary to further the particular government
3  interest involved.  See  Procunier v. Martinez, 416 U.S. 396, 413 (1974), overruled on
4  other grounds, Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989); see, e.g., Witherow,
5  52 F.3d at 265-66 (regulation requiring visual inspection of outgoing mail from inmates
6  to certain public officials closely related to legitimate penological interest of preventing
7  prisoners from disseminating harmful or offensive materials and avoids unnecessary
8  intrusion) (emphasis added).

9       Plaintiff claims that his outgoing mail was rerouted to Defendant Wood in order to
10 monitor his mail.  However, Plaintiff fails to set forth specific facts showing how the
11 remaining Defendants proximately caused a constitutional deprivation.  For a claim to be
12 cognizable, a Plaintiff must "set forth specific facts as to each individual defendant's
13 deprivation of protected rights."  Leer, 844 F.2d at 634.  But here, Plaintiff alleges facts
14 without explaining the actions of each Defendant involved.  As such, Plaintiff fails to link
15 all named Defendants to his claim.  Accordingly, the complaint does not state a
16 cognizable claim against the remaining Defendants Kirkland, Patten, Haley and
17 Woodford.  The Court will dismiss the complaint and amended complaint with leave to
18 amend.

19      Plaintiff must allege facts supporting each claim against each individual Defendant
20 separately in his second amended complaint showing his entitlement to relief from each
21 Defendant.  Plaintiff should list the constitutional right he has, describe what each
22 Defendant did or failed to do, and describe how each Defendant's acts or omissions
23 caused him injury.  He should not refer to the defendants as a group, i.e., "the
24 defendants;" rather, he should identify each involved Defendant by name and link each of
25 them to a specific claim by explaining what each defendant did or failed to do that caused
26 a violation of his constitutional rights.

27      As to Plaintiff's claim against PBSP Warden Kirkland and Director of the
28

1 Department of Corrections and Rehabilitation Jeanne Woodford, Plaintiff is cautioned
2 that there is no respondeat superior liability under Section 1983, i.e. no liability under the
3 theory that one is responsible for the actions or omissions of an employee.  Liability
4 under Section 1983 arises only upon a showing of personal participation by the defendant.
5 Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor may be liable under
6 section 1983 upon a showing of (1) personal involvement in the constitutional deprivation
7 or (2) a sufficient causal connection between the supervisor's wrongful conduct and the
8 constitutional violation.  Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir.
9 1991) (en banc) (citation omitted).

Plaintiff will be given leave to amend the complaint to cure this deficiency. Accordingly, the Court grants Plaintiff leave to file a second amended complaint within **thirty days** of the date this order is filed to include sufficient facts to support his claim against each Defendant and the alleged constitutional violation he suffered.

**B.     Motions for Appointment of Counsel**

Plaintiff has filed three motions for appointment of counsel.  As stated in the Court's previous order denying appointment of counsel, there is no constitutional right to counsel in a civil case.  Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981).  28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis.  28 U.S.C. § 1915(e)(1).  This does not give the courts the power to make "coercive appointments of counsel."  Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

The court may ask counsel to represent an indigent litigant under § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of

these factors must be viewed together before reaching a decision on a request for counsel under § 1915.  See id.   Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex.  See Rand, 113 F.3d at 1525 (where plaintiff's pursuit of discovery was comprehensive and focused and his papers were generally articulate and organized, district court did not abuse discretion in denying request for counsel).

The Court concludes that appointment of counsel is not necessary at this time. The Court has dismissed Plaintiff's complaint with leave to amend and has yet to review the merits of Plaintiff's claims in his second amended complaint.  Accordingly, Plaintiff's motions for appointment of counsel (docket nos. 15, 22, 39) are DENIED without prejudice.

**C.     Motions to Attach Evidence and Legal Mail**

Plaintiff has filed two motions to attach evidence and exhibits, a motion to attach legal mail and also filed several exhibits in this action.  The Court notes that Plaintiff must include all of his exhibits and attachments with his second amended complaint. Plaintiff may not send in attachments and documents separately to be included with his second amended complaint.  Accordingly, Plaintiff's motions (docket nos. 30, 33, 37)  are DENIED without prejudice.  Plaintiff may include any supporting exhibits or documents with his second amended complaint as set forth below.

**CONCLUSION**

1.     Plaintiff's motions for appointment of counsel (docket nos. 15, 22, 39) are DENIED without prejudice.

2.     Plaintiff's motions to attach evidence and legal mail (docket nos. 30, 33, 37) are DENIED without prejudice.

3.     Plaintiff's claims against Defendants Kirkland, Patten, Haley and Woodford are DISMISSED with leave to amend, as indicated above, within **thirty days** from the date this order is filed.  The second amended complaint must include the caption

1  and civil case number used in this order (05-3502 JF (PR)) and the words SECOND
2  AMENDED COMPLAINT on the first page.  Because an amended complaint completely
3  replaces the original complaint, Plaintiff must include in it all the claims he wishes to
4  present.  <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir.), <u>cert. denied</u>, 113 S. Ct.
5  321 (1992).  Plaintiff may not incorporate material from the original complaint or
6  amended complaint, such as supporting documentation of the prison appeal process, by
7  reference.  Plaintiff must include all of his claims (including the one cognizable claim
8  against Defendant Wood) and name all Defendants in the amended complaint.  **Failure to**
9  **file an amended complaint within the designated time will result in the Court**
10 **proceeding with the original complaint and the one cognizable claim against**
11 **Defendant Wood.**

12      Plaintiff filed a notice with the Court stating that the Defendants no longer are
13 employed at PBSP.  Plaintiff shall provide identifying information for the Defendants
14 (new address, full name, etc.) in his second amended complaint.

15      4.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
16 Court informed of any change of address by filing a separate paper with the clerk headed
17 "Notice of Change of Address."  He must comply with the Court's orders in a timely
18 fashion or ask for an extension of time to do so.  Failure to comply may result in the
19 dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

20      IT IS SO ORDERED.
21 DATED:  3/23/07
22                                          JEREMY FOGEL
                                            United States District Judge

Order Denying Plaintiff's Motions for Appointment of Counsel; Denying Motions to Attach Evidence; Order of
Dismissal with Leave to Amend
P:\pro-se\sj.jf\cr.05\Bennett502dwltamisc          7

1   A copy of this ruling was mailed to the following:

2

   Mario K. Bennett
3  V-23447
   Pelican Bay State Prison
4  P.O. Box 7500
   Crescent City, CA  95531-7500
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Denying Plaintiff's Motions for Appointment of Counsel; Denying Motions to Attach Evidence; Order of Dismissal with Leave to Amend
P:\pro-se\sj.jf\cr.05\Bennett502dwltamisc            8